**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **ZHENG YI XIAO** | § | |
| | § | |
| v. | § | **EP-19-CV-97-KC** |
| | § | |
| **LA TUNA FEDERAL CORRECTIONAL INSTITUTION.** | § § | |

## MEMORANDUM OPINION AND ORDER

Zheng Yi Xiao, Register Number 00366-196, petitions the Court under 28 U.S.C. § 2241 to order his early release from prison under the Elderly Offender Home Detention Program (EOHDP), 34 U.S.C. § 60541(g). Pet'r's Pet., ECF No. 1. For the reasons discussed below, the Court will deny the petition.

## BACKGROUND

Xiao is a prisoner at the La Tuna Federal Correctional Institution in Anthony, Texas, which is within the Western District of Texas. 28 U.S.C. § 124(d)(3) (2012). His projected release date is August 16, 2019. See https://www.bop.gov/inmateloc/ (search for Reg. No. 00366-196) (last visited Apr. 3, 2019). He claims he is 69 years old, suffers from diabetes and high blood pressure, and has served over half of his sentence. He does not specify the nature of his offense, the length of his sentence or the place of his trial. But he maintains he meets all the requirements for release under the EOHDP. He provides a document which suggests he may have asked prison authorities about an early release—based on his age and medical condition—on February 11, 2019. Pet'r's Pet. 3, ECF No. 1. He does not provide a copy of the response, and he does not suggest prison authorities abused their discretion by not acting on his message. He asks the Court to intervene in his behalf and order his immediate release from prison.

## APPLICABLE LAW

### A. 28 U.S.C. § 2241

"A section 2241 petition for habeas corpus on behalf of a sentenced prisoner attacks the manner in which his sentence is carried out or the prison authorities' determination of its duration." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (citations omitted). To prevail, a § 2241 petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c) (2012). A § 2241 petitioner may make this attack only in the district court with jurisdiction over his custodian. *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992).

During its initial screening of a habeas corpus petition, a reviewing court accepts a petitioner's allegations as true. 28 U.S.C. § 2243; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). It also evaluates a petition presented by pro se petitioner under more a lenient standard than it would apply to a petition submitted by counsel. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). It must "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)).

### B. 18 U.S.C. § 3582

In general, a district court may not modify a sentence because "'a judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment.'" *Dillon v. United States*, 560 U.S. 817, 824 (2010) (quoting § 3582(b)). Nevertheless, under an exception in 18 U.S.C. § 3582(c)(2), a court may modify a defendant's sentence "when it is for 'a term of imprisonment

based on a sentencing range that has subsequently been lowered by the Sentencing Commission.'" *United States v. Doublin*, 572 F.3d 235, 237 (2009) (quoting 18 U.S.C. § 3582(c)(2)). But a court may reduce an otherwise final sentence under a Guidelines amendment only if the reduction is consistent with Sentencing Guideline § 1B1.10—the Sentencing Commission's relevant policy statement—and after considering the sentencing factors in 18 U.S.C. § 3553(a). *Dillon*, 560 U.S. at 821.

Hence, when the § 3582(c)(2) exception applies, a court uses "a two-step approach." *Id*. at 827. At step one, a court "follow[s] the Commission's instructions in [Sentencing Guideline] § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." *Id*. At step two, a court "consider[s] any applicable § 3553(a) factors and determine[s] whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Id*.

The § 3553(a) factors include "the nature and circumstances of the offense and the history and characteristics of the defendant" and "the need for the sentence imposed . . . to protect the public from further crimes of the defendant." 18 U.S.C. §§ 3553(a)(1), (a)(2)(C). "The court may also consider the defendant's post-sentencing conduct in determining whether a reduction is warranted." *United States v. Rios*, 657 F. App'x 255, 258 (5th Cir. 2016) (quoting U.S. SENTENCING GUIDELINES MANUAL § 1B1.10, cmt. n.1(B)(iii) (U.S. SENTENCING COMM'N 2010)).

"These ameliorative amendments to the Guidelines do not create a right to a sentence reduction." *United States v. Osborn*, 679 F.3d 1193, 1196 (10th Cir. 2012). Rather, even if a

defendant is eligible, "the decision whether to reduce a sentence is left to the sound discretion of the *trial* court" and is reviewed "for abuse of discretion only." *United States v. Gonzalez-Balderas*, 105 F.3d 981, 982 (5th Cir. 1997) (emphasis added).

### C. 34 U.S.C. § 60541(g)

Under the EOHDP, the Attorney General "shall conduct a *pilot* program to determine the effectiveness of removing eligible elderly offenders and eligible terminally ill offenders from Bureau of Prisons facilities and placing such offenders on home detention until the expiration of the prison term to which the offender was sentenced." 34 U.S.C. § 60541(g)(1)(A) (emphasis added). In addition, "the Attorney General *may release* some or all eligible elderly offenders and eligible terminally ill offenders from Bureau of Prisons facilities to home detention, upon written request from either the Bureau of Prisons or an eligible elderly offender or eligible terminally ill offender." *Id*. § 60541(g)(1)(B) (emphasis added). In order to qualify for the pilot EOHDP, the elderly offender must (1) be "not less than 60 years of age"; (2) not have a conviction for a crime of violence or sex offense; (3) have "served 2/3 of the term of imprisonment to which the offender was sentenced"; (4) have never tried to escape; (5) save the Bureau of Prisons money through his home detention; and (6) receive a determination by the Bureau of Prisons that he will "be at no substantial risk of engaging in criminal conduct or of endangering any person or the public if released to home detention." *Id.* § 60541(g)(5)(A).

### ANALYSIS

Xiao asks the Court to order his early release from prison based on his age and medical condition. But he has neither alleged nor shown he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c) (2012). Thus, the Court finds that

it plainly appears from Xiao's petition that he is not entitled to § 2241 relief.

Xiao may also be asking the Court to modify his sentence under 18 U.S.C. § 3582(c)(2). However, "[b]ecause a motion filed under § 3582 requests modification of a sentence, it follows that such a motion must be filed in the district court which imposed the sentence." *Braswell v. Gallegos*, 82 F. App'x 633, 635 (10th Cir. 2003). The Court has reviewed court records and determined that Xiao was not tried in the Western District of Texas. Consequently, the Court finds it does not possess the requisite jurisdiction to consider Xiao's request for a modification of his sentence under § 3582.

In the alternative, the Court finds Xiao's argument that he is entitled to relief under § 3582 through the EOHDP is without merit. A § 3582(c)(2) proceeding is not a full resentencing. *Dillon*, 560 U.S. at 825. "Instead, it provides for the "modif[ication of] a term of imprisonment" by giving courts the power to "reduce" an otherwise final sentence in circumstances specified by the Commission. *Id*. Hence, the EOHDP, standing alone, "has no implications for a § 3582(c)(2) proceeding" and Xiao is not entitled to relief. *Cf. United States v. Willard*, 481 F. App'x 915, 917 (5th Cir. 2012) (holding defendant was not entitled to § 3582(c)(2) relief under Fair Sentencing Act).

Further, Xiao claims he qualifies for release from prison to home confinement under the pilot EOHDP, 34 U.S.C. § 60541(g). Yet he fails to provide any supporting evidence for his claim. He fails, for example, to provide a statement from the Bureau of Prisons that, if released to home detention, he will not be at substantial risk of engaging in criminal conduct or endangering other people. He fails to provide the address of his proposed place of home confinement. He fails to guarantee he will arrange for the landline phone required for his monitoring and health

insurance for his medical needs. He also fails to present any evidence that he ever applied to the Bureau of Prisons to participate in a pilot EOHDP, or that the program is even available at La Tuna.

Finally, the Supreme Court has consistently held that a prisoner has no constitutional right to confinement in any particular place, including in home confinement. *See McKune v. Lile*, 536 U.S. 24, 39 (2002) ("It is well settled that the decision where to house inmates is at the core of prison administrators' expertise."); *Sandin v. Conner,* 515 U.S. 472, 478 (1995) ("the Due Process Clause did not itself create a liberty interest in prisoners to be free from intrastate prison transfers."); *Meachum v. Fano*, 427 U.S. 215, 224 (1976) ("The conviction has sufficiently extinguished the defendant's liberty interest to empower the State to confine him in any of its prisons."). The Attorney General—and by delegation the BOP—has the exclusive authority and discretion to designate the place of an inmate's confinement. *Moore v. United States Att'y Gen.*, 473 F.2d 1375, 1376 (5th Cir. 1973); *Ledesma v. United States*, 445 F.2d 1323, 1324 (5th Cir. 1971). And in this case, the EOHDP is a pilot project, and the Attorney General retains the discretion to designate the institutions which will participate. "[A]ny approach that puts the judicial branch in charge of designating the place of confinement for a federal prisoner—no matter how well justified on utilitarian grounds—collides with 18 U.S.C. § 4082(b), which gives the Attorney General unfettered discretion to decide where to house federal prisoners." *In re Gee*, 815 F.2d 41, 42 (7th Cir. 1987).[1]

## CONCLUSIONS AND ORDERS

The Court concludes that it plainly appears from Xiao petition that he is not entitled to

---

[1] The statutory language in 18 U.S.C. § 4082(b) was re-codified through Pub. L. 94-473, Title 2 II, § 212(a)(2), Oct. 12, 1984, and is currently found at 18 U.S.C. § 3621(b).

relief under 28 U.S.C. § 2241.  It further concludes that it does not have the requisite jurisdiction to consider Xiao's claims under 18 U.S.C. § 3582.  It finally concludes that Xiao is not entitled to court-ordered relief under 34 U.S.C. § 60541(g).  The Court, therefore, enters the following orders:

**IT IS ORDERED** that Xiao's "Petition for a Writ of Habeas Corpus, Pursuant to the Second Chance Act of 2007, Re-authorized by the First Step Act of December 21, 2018," (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that all pending motions, if any, are **DENIED**.

**IT IS FINALLY ORDERED** that the District Clerk shall **CLOSE** this case.

**SIGNED this 3rd day of April, 2019.**

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE